## CRESCENT MINING COMPANY *v.* WASATCH MINING COMPANY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 180. Argued December 21, 1893. — Decided January 22, 1894.

A. commenced an action against B. in Utah, to recover possession of a tract of mining land. C., desiring to purchase the disputed tract, agreed with B. to purchase it, a part of the purchase money to be paid at the signing of the agreement (which was done), and the balance to be paid on delivery of the deed, after determination of the action in favor of B., C. to go into possession at once, but not to remove any ores until delivery of the deed. A., on his part, then sold the disputed premises to C. By a subsequent agreement C. agreed to pay the consideration therefor to A. in a year, if the suit should be determined in favor of A. in that time, and if not then determined, to pay the purchase money into court in the action of A. against B. By the same agreement the property was mortgaged by C. to A. to secure its performance. The money not having been paid into court under the last agreement, A. brought a suit to foreclose the mortgage in which it was alleged that the action by A. against B. was still pending and undetermined, and that C. had not paid the amount into court, and by which was prayed a decree for such payment

and for foreclosure and sale. The defendant demurred, and, the demurrer being overruled, answered, setting up an alleged fraudulent conspiracy, whereby the most valuable parts· of the lands agreed to be conveyed by A. to C. had been omitted from the deeds. The answer. also set up that C. had commenced a suit against A. to compel a reformation of the deed, in which a decree for reformation had been made below, and that the suit was pending in this court on appeal. Issue being taken on this answer, it was decreed that A. was entitled to have the amount of the mortgage debt, with interest, paid into court in the suit between A. and B., and for a decree of foreclosure. This decree, on appeal to the Supreme Court of the Territory, was modified by allowing thirty days for ·the payment of the money before advertising the property for sale, and by providing that the money should be paid into court in the foreclosure suit, instead of in the .action of A. against B., until an order could be obtained in that case for the deposit of the money. *Held*, that in all this there was no error.

In the year 1883 the Wasatch Mining Company, a corporation under the laws of Utah Territory, brought an action in the District Court for the Third Judicial District of that Terri-· tory, against William and Joseph A. Jennings, to recover possession of. a certain tract of mining land, situated in Uintah mining district, Summit County. That action was, at the time of the events subsequently narrated, and still is, pending and undecided.

The Crescent Mining Company, likewise a corporation organized under the laws of Utah Territory, desiring to purchase said disputed tract of land, on March 8, 1883, entered into an agreement in writing with Jennings, whereby, after reciting the fact that the action was pending between the Wasatch Mining Company and Jennings, it was agreed that the Crescent Mining Company should purchase the said tract, and pay therefor $50,000, of which $7500 were paid at the time of the signing of the agreement, and the balance when the deed was delivered, which latter event was to take place when the said action should be determined, and if the same should be decided in favor of Jennings; that, in the meantime, the deed should be deposited with the Deseret National Bank of Salt Lake City; that the Crescent Mining Company should forthwith go into possession, but until the delivery of the deed should not remove, out of the premises described in the deed, any metal

or ores of value.   It was also provided that the Crescent Company might at any time, at its option, pay the balance of the purchase money into the said bank, and lift the deed.

On July 9, 1886, the Crescent Mining Company entered into an agreement, in writing, with the Wasatch Mining Company, whereby the latter sold and conveyed to the former company the premises in dispute, and the latter agreed to pay therefor $42,500; and, on September 1, 1886, a further agreement, in the nature of a mortgage, was entered into between the two companies, referring to the pending litigation between the Wasatch Company and Jennings, and providing that the Crescent Company would pay to the Wasatch Company the said sum of $45,000 in one year from the date thereof — absolutely, if at said time the said suit should be determined in favor of the said Wasatch Company; but if said action should still be pending undetermined, then said purchase money should be paid into said court in said action, recognized by order thereof, to be disposed of as follows: to be paid to the Wasatch Company on the final determination of said suit in their favor, and subject to be repaid to the Crescent Mining Company, on its request, if said action should be finally and on its merits determined adversely to the Wasatch Company; and in case default should be made in the payment of said purchase money, then the Wasatch Company were authorized to sell the said premises, in the manner prescribed by law, and out of the proceeds to pay said purchase money, with costs and a reasonable attorney's fee for collection, the surplus, if any, to be paid to the Crescent Mining Company.

The present suit was brought to foreclose this mortgage, the complaint alleging that the suit of *Wasatch Company* v. *Jennings* was still pending and undetermined, and that the Crescent Mining Company had not paid the amount into court, and asking for judgment for $42,500, with interest from one year after the date of said mortgage, with attorney's fee, and for a decree of foreclosure and sale.

The defendant demurred to this complaint on the ground that it did not allege that the plaintiff had obtained an order for the payment of the purchase money into court, or that

such order had been made and that defendant had then refused, or that any demand had ever been made upon defendant for payment, and that it appeared on the face of the complaint that defendant, not being a party to the suit of the *Wasatch Company* v. *Jennings*, could not appear in that case and ask for an order permitting the payment into court.

This demurrer was overruled, and the Crescent Company answered and alleged that the mortgage sued on had been given to secure the purchase money of certain described mining grounds; that owing to a fraudulent conspiracy between the defendant's manager and certain agents of the plaintiff the most valuable part of the lands purchased had been omitted from the deed; and then added the facts showing that the Crescent Company could not, of itself, obtain an order to pay the purchase money into court, and that the Wasatch Company had never obtained such an order and had never made any demand.

The answer further averred that on January 3, 1887, the Crescent Company had commenced an action, in the same court, against the Wasatch Company, to compel a reformation of the deed, so as to make said conveyance embrace all the ground, and that said last-mentioned action had resulted in a decree commanding a reformation of the deed as prayed for; that said decree had been appealed from into the Supreme Court of the Territory of Utah, which latter court had, on August 27, 1888, affirmed said decree, from which said last-mentioned decree an appeal had been taken to the Supreme Court of the United States, where said appeal was pending. The record of that appeal in the Supreme Court of the United States discloses that the decision of the court below has been affirmed.

The cause was brought on for trial before the court sitting without a jury, and resulted in certain findings of fact, substantially the same as alleged in the complaint, and in findings of law as prayed for by the complainant, viz., that said plaintiff, the Wasatch Company, was entitled to have said mortgage debt, $42,500, paid in that court, in said action pending between Wasatch Company and Jennings, together with

interest thereon at 10 per cent per annum, from the 1st day of September, 1887, until the same shall have been so paid into court, together with costs and $1000 for an attorney's fee.   It was decreed that the plaintiff was entitled to a decree foreclosing said mortgage and directing a sale of the premises covered by said mortgage, and to have so much of the proceeds of sale paid into court as might be necessary to pay said purchase money, interest, and costs as aforesaid.

From this decree an appeal was taken to the Supreme Court of the Territory of Utah, and on June 12, 1890, an opinion and decree of that court were filed, affirming the decree of the District Court in substantial respects, but modifying the same by decreeing that thirty days should be allowed the defendant in which to pay the money before the property should be advertised for sale, and also providing that the money should be paid into court in the case between the companies instead of the case of the *Wasatch Company* v. *Jennings*, until an order should be obtained in that case for the deposit of the money.

The record further discloses that the Crescent Mining Company entered into possession of the property, and has been engaged, during the pendency of the litigation, in mining and converting to its own use the ores and metals contained therein.

From the decree of the Supreme Court of the Territory of Utah the present appeal was taken.

*Mr. R. N. Baskin* for appellant.

*Mr. A. B. Browne* for appellee.   *Mr. J. G. Sutherland* filed a brief for appellee.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

Our examination of this record fails to disclose any error in the decree appealed from.

The proceedings in the District Court of the Territory of Utah, to enforce the mortgage given by the Crescent

Mining Company to the Wasatch Mining Company, were certainly in pursuance of the terms of that instrument. The defence raised by demurrer, that the Crescent Company could not pay the purchase money into the court until an order of the court permitting such payment had been procured, and that the Crescent Company, not being a party of record, could not procure such order, was not sound, because that reason, namely, that the Crescent Company was not a party of record, equally prevented the Wasatch Company from procuring such order. It is true that the Wasatch Company was a party of record; but, of course, the court could not, on the application of that company, have granted an order on the Crescent Company, not a party and not represented in court, to pay money into court.

It is obvious that the contract, in that particular, required the coöperation of the parties. Hence, when, by the terms of the mortgage, the time had arrived for the payment of the money, it was the duty of the Crescent Company to have signified its readiness to pay and to unite with the Wasatch Company in procuring the necessary order of the court. Not having so done, a right to enforce the mortgage at once arose.

Nor do we think that the defence set up in the answer, that the deed executed by the Wasatch Company and deposited, as provided for in the agreement, in the Deseret National Bank, did not contain all the parcels of land to which the Crescent Company was entitled, was sufficient, because the answer itself disclosed that the Crescent Company had availed itself of its remedy by direct proceedings against the Wasatch Company to reform the deed. Such proceedings would necessarily result in a decision that the deed in question was correct, or else in a reformation of it.

An election to pursue a remedy by an independent action would not seem to have left the Crescent Company free to resist an enforcement of its express contract in the mortgage by resorting to the same matter. However this may be, it is satisfactory to know that this view of the subject worked no injury to the Crescent Company when we learn from our

own records that the result of that independent proceeding was a decree in favor of the company compelling a reformation of the deed, so as to include all of the lands purchased. *Wasatch Mining Co.* v. *Crescent Mining Co.*, 148 U. S. 293.

Further objection is urged to the decree of the court below in that it called for the payment of interest on the principal sum from the time fixed for payment until the same shall have been paid into court. It is said that the mortgage does not itself provide for interest, and that if the money had been paid into court it would have there remained without interest. But this is not necessarily so. The court would, doubtless, if so requested by the parties in interest, have ordered so large a sum invested. At all events, it is no hardship that the Crescent Company, which had both the use of the money and the receipt of the issues and profits of the mines, should be charged with interest for the period between the maturity of the mortgage and the payment into court.

Another complaint urged to the decree below is because it directs that the money should be paid into the District Court of the Territory in the case between the two mining companies instead of in the case between the Wasatch Company and Jennings. But the decree discloses that this disposition of the money is only temporary, to await the obtaining of an order in the latter case. Such an order, as the case now stands, is a matter of course, and doubtless can be obtained forthwith, so as to dispense with the intermediate payment.

The decree of the court below is

*Affirmed.*