## MANNING v. AMERICAN SECURITY & TRUST CO. et al.

(Court of Appeals of District of Columbia. Submitted December 6, 1920.
Decided January 3, 1921.)

No. 3396.

1. **Appeal and error** ☞1009(1)—**Findings by chancellor are highly persuasive.**

The findings of fact by a chancellor, who heard the witnesses, are highly persuasive to the reviewing court, and will not be disturbed, except for manifest error.

2. **Specific performance** ☞41—**Possession and small payment under oral contract to sell land insufficient.**

The statute of frauds is as binding in equity as in law, except that equity will protect one who has gone into possession on the strength of an oral agreement, and has made improvements, performed services, or advanced money in accordance with the terms of the contract, so that an oral contract for the sale of lands will not be specifically enforced, where the purchaser had gone into possession, but had made only small payments in a desultory way, and not the monthly payments which he agreed to make, and not sufficient to equal the rental value of the premises.

3. **Specific performance** ☞49(2)—**Gift or contract for good consideration not enforced.**

Equity will not decree specific performance of a gift, or of an oral agreement based merely upon a good consideration, as distinguished from a valuable consideration.

4. **Specific performance** ☞121(5)—**Oral contract to sell land must be conclusively proved, and part performance referable thereto.**

To entitle a party to specific performance of an oral contract to purchase lands, the proof of the contract must be clear, definite, and conclusive, and show that the consideration has been paid or tendered, or that there has been such part performance that the rescission of the contract would be a fraud on the other party.

5. **Specific performance** ☞42—**Part performance must be referable to contract alleged.**

Part performance of an oral contract to sell land must be such as is referable to the contract as alleged and consistent with it.

Appeal from the Supreme Court of the District of Columbia.

Suit by Powell T. Manning against the American Security & Trust Company and others, to enforce specific performance of an alleged oral contract for the purchase of real estate. From a decree dismissing the bill, plaintiff appeals. Affirmed.

C. A. Keigwin and Hayden Johnson, both of Washington, D. C., for appellant.

George E. Hamilton and John J. Hamilton, both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This is an appeal from a decree dismissing a bill in equity filed by appellant in the Supreme Court of the District of Columbia to enforce specific performance of an alleged oral contract for the purchase of real estate. The terms of the contract, as set out in the bill, are as follows:

"During the month of September, 1908, Charlotte T. Dailey, since deceased, a sister of the plaintiff, and a woman of considerable means, entered into a verbal agreement with the plaintiff whereby it was agreed between them that the said Charlotte T. Dailey should purchase for the sum of $13,000, upon the terms hereinafter stated, lot 41, in William R. Kellogg's subdivision of part of block 6, Washington Heights, in the county of Washington, District of Columbia, with the improvements thereon, also known as premises No. 1800 Belmont Road, Northwest, in said city, and take the title thereto in her own name; that on account of the purchase price she should make the required initial payment of $500, and should receive a conveyance of the equity in the property subject to an existing first deed of trust of $8,000, and that she should execute to the grantor her note for $4,500, being the deferred purchase price, and secure it by a second deed of trust upon said property; that she should pay the interest upon the $8,000 note secured by said first deed of trust, as such interest should mature, and pay taxes upon said property until such time as by the further terms of said agreement, presently set out, the plaintiff should become entitled to a conveyance of the title to said property; and by the further terms of said contract it was agreed that the plaintiff should occupy said premises without liability for rent therefor, and that he should discharge said $4,500 second trust to be placed on said property by the said Charlotte T. Dailey, by monthly payments of $50 each, and should pay all interest accruing upon said second trust, and that he should also keep the said premises in repair; and that when the said second trust should be entirely discharged by the plaintiff in the manner herein set out, the said Charlotte T. Dailey should convey to the plaintiff the equity in said premises, without the payment of any price or charge to be paid by him, but subject only, to the said first trust, and which first trust should then be assumed by the plaintiff."

[1] There is considerable conflict in the evidence in respect of the conditions under which plaintiff occupied the property, as well as the amount of money advanced by him during the years of his occupancy. But it is undisputed that the amount paid was not equivalent to a reasonable rental for the property. The trial justice heard the witnesses and ruled that the evidence did not present a case which, in view of the restrictions of the statute of frauds, would justify a decree. The findings of fact by a chancellor are highly persuasive to the reviewing court, and will not be disturbed except for manifest error.

[2] Without stopping, therefore, to review the case at length, we are convinced that there is no theory upon which plaintiff can escape the bar of the statute of frauds. The record does not disclose such a state of fact as would justify the conclusion that the failure to enforce this alleged oral agreement against the vendor would result in a fraud upon the vendee. The statute is as binding in equity as at law, except that it will protect a vendee who has gone into possession upon the strength of an oral agreement to purchase and has made valuable improvements, performed services, or advanced money in accordance with the terms of the contract. In this instance, all that plaintiff did was to advance, from time to time, small sums of money in a desultory way, not the monthly payments which he alleges he agreed to make when he entered into possession of the premises. Hence he has established no such equitable status as will suspend the operation of the statute of frauds.

[3] Nor is his case improved by the intimation that the alleged agreement was in the nature of a gift based upon the consideration of love and affection, since equity will not decree specific performance

of a gift or an oral agreement based merely upon a good consideration, as distinguished from a valuable consideration.

[4] The proof of the terms of an oral contract, to admit of enforcement by specific performance, must be clear, definite, and conclusive, and show that the consideration has been paid or tendered, or that there has been such part performance that the rescission of the contract would be a fraud upon the other party which could not be compensated in damages. Purcell v. Miner, 4 Wall. 513, 18 L. Ed. 435. The record here fails to disclose such part performance as would justify a decree for specific performance.

"In some jurisdictions it is held that the acts relied on as part performance are sufficient to take the case out of the statute of frauds, if they are unequivocally and in their own nature referable to some such agreement as that alleged. Many courts declare a stricter rule, however, holding that the party seeking aid must show by clear and satisfactory proof the existence of the contract as laid in his pleading, and that the acts of part performance must be of this identical contract. It is not enough, say these courts, that the acts of part performance evidence some indefinite agreement. They must be unequivocal and satisfactory evidence of the particular agreement pleaded and proved." Hammon on Contracts, 615.

[5] This rule is supported in Williams v. Morris, 95 U. S. 444, 24 L. Ed. 360, which was a case appealed from this District. In an exhaustive discussion of the subject, the court, in part, said:

"Specific performance in such a case will not be decreed, unless the terms of the contract are clearly proved or admitted, and a sufficient part performance is made out to show that fraud and injustice would be done if the contract was held to be inoperative; and all the authorities agree that the acts of part performance must be such as are referable to the contract as alleged, and consistent with it."

A careful review of the evidence fails to disclose satisfactory proof of the agreement set out in the bill, or conduct by plaintiff referable to such an agreement; hence there is nothing upon which to base a decree for specific performance.

The decree is affirmed, with costs.

Affirmed.