## HOWARD v. HOLMES.

(Court of Appeals of District of Columbia. Submitted April 10, 1922. Decided June 5, 1922.)

No. 3747.

1. **Mortgages ⊙⇒32(1)—Agreement purchaser should share profits from resale does not make conveyance a mortgage.**

Where one joint owner of property conveyed her interest in the property to her co-owner at an appraised valuation, an agreement that, if the purchaser should thereafter sell the property at a price in excess of the appraised valuation, he would share with the vendor the profit resulting therefrom, after deducting certain expenditures, does not make the conveyance a mortgage creating a right of foreclosure.

2. **Trusts ⊙⇒193—Purchaser will not be required to exercise discretion to sell and share profits, unless refusal to sell shocks conscience.**

Where the purchaser of his cotenant's interest in the property agreed that, in the event of sale at a profit he would share the profit with his former cotenant, the right of the cotenant depends upon the will of the purchaser, since the time and terms of sale reside in his discretion, and equity will not compel the purchaser to sell and share the profits, unless the available price is such that the refusal to sell would shock the conscience of the court.

3. **Trusts ⊙⇒193—Equity will not intervene to control trustee merely because of diversity of judgment.**

Where the instrument relied on as creating a trust confided to the discretion of the alleged trustee, because of his superior knowledge and experience, the determination of when to sell the property, equity will not intervene to control such discretion merely because of a diversity of judgment as to the advisability of selling.

4. **Appeal and error ⊙⇒1009(1)—Chancellor's findings, after seeing witnesses, are highly persuasive.**

While in equity cases questions of fact as well as of law are open to appellate review, the conclusions of the chancellor upon issues of fact are highly persuasive, where the testimony has been taken in open court, with full opportunity to observe the demeanor of the witnesses.

Appeal from the Supreme Court of the District of Columbia.

Suit by Lena M. Howard against Charles W. Holmes to establish a constructive trust. From a decree dismissing the bill, complainant appeals. Affirmed.

———

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

George E. Hamilton, John J. Hamilton, and H. R. Gower, all of Washington, D. C., for appellant.

E. C. Brandenburg, C. A. Brandenburg, and L. M. Denit, all of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, filed a bill in equity in the Supreme Court of the District of Columbia, in which it was sought to establish a constructive trust in certain property.

It appears that in 1904 the parties in suit, brother and sister, were owners of two pieces of real estate, as tenants in common by inheritance from their father. One piece of property was located in this city, and the other, a small farm, in Montgomery county, Md. An agreement was entered into on July 18, 1904, by which appellee, defendant, was to purchase the interest of the plaintiff upon a valuation to be agreed upon between the parties. The Washington property was valued at $7,000 and the Maryland property at $3,000, in consideration of which defendant paid plaintiff, for her one-half interest, $5,000. Plaintiff in turn executed deeds for her interest in the property, and coincident with the execution and delivery of the deeds the parties entered into a separate contract in respect of each property, in which it was stipulated that if, at any time during his lifetime, defendant should sell either of these properties for a sum in excess of the valuation stipulated and agreed upon, after deducting from the excess so received certain specified expenditures which he might incur in caring for and protecting the property, he would share equally with appellant any profit thus made. It was also stipulated in each contract that—

"nothing in this agreement, however, shall operate to bind the estate of the party of the second part after his death, it being understood and agreed that at the death of the party of the second part this agreement shall be void, and shall cease."

It appears that the city property was subsequently sold by defendant at a loss rather than at a profit over the agreed price of $7,000. It is urged, however, that the value of the Maryland farm has greatly enhanced, and that a sale of the farm should be decreed and an accounting made by defendant in respect of both properties, and that plaintiff be paid her share of the profits, as provided for in the agreements.

The cause was tried by the court below, and, at the conclusion of the evidence, the court entered a decree dismissing the bill, from which this appeal was taken.

[1, 2] The contracts are not such as to convert the deeds into equitable mortgages; therefore no right of foreclosure exists. The contingent right created in plaintiff is one dependent upon the will of defendant, since the time and terms of sale reside in his discretion. It may be that, if a great enhancement in the value of the property, occasioned by abnormal conditions, had occurred, and he had refused to sell, that a situation would exist calling for equitable relief. In other words, where the price available is such that the refusal to sell would shock the conscience of the court, equity might extend relief. But the

testimony does not disclose such a case. There is nothing apparent which would justify the court in displacing the discretion reposed in defendant by the express terms of the contracts.

[3] Nor is the contention that plaintiff was induced to execute the deeds and contracts without acquainting herself with their contents supported by the evidence. The action is not to cancel the contracts for fraud in their inception. Indeed, the instruments are relied upon to establish a constructive trust, based not so much on a fiduciary relation as upon plaintiff's confidence and reliance in the superior knowledge and experience of defendant. It follows, therefore, that, before equity will intervene to control the discretion thus contingently reposed, something more than mere diversity of judgment as to the wise course to pursue must appear. The facts must expose features from which an arbitrary determination to defeat the happening of the contingency can be inferred.

[4] While in equity cases questions of fact as well as of law are open to appellate review, where testimony has been taken in open court, as in this instance, with full opportunity to observe the demeanor of witnesses, the conclusions of the chancellor upon issues of fact are highly persuasive. The court, at the conclusion of the evidence, made the following finding:

"In this case I think that Mrs. Howard signed the written agreement with full knowledge of its contents, that it embraced the prior understanding of the parties, that it was a fair one at the time it was made, and that she was not induced to execute it by any fraudulent acts or misrepresentations by the defendant."

We are of the opinion, therefore, that the decree should be affirmed, with costs; and it is so ordered.