## BURROUGHS v. BURROUGHS.

(Court of Appeals of District of Columbia. Submitted November 7, 1924. Decided January 5, 1925. Motion for Rehearing Denied May 1, 1925.)

No. 4098.

Appeal and error ⟐⟐1011(1)—Divorce ⟐⟐184 (10)—Findings on conflicting evidence as to plaintiff's right to divorce and defendant's right to annulment of marriage not disturbed.

Findings of lower court on conflicting evidence as to plaintiff's right to divorce and as to defendant's right to annulment of marriage under Code, § 1285, will not be disturbed.

Appeal from the Supreme Court of the District of Columbia.

Action for limited divorce by Marie L. Burroughs against Henry Harding Burroughs, wherein defendant filed cross-bill praying annulment of marriage. From a decree of dismissal as to both parties, plaintiff appeals. Affirmed.

A. D. Esher, of Washington, D. C., for appellant.

D. T. Wright and R. B. Dickey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal from a decree of the Supreme Court of the District of Columbia, dismissing the appellant's bill of complaint, asking for a legal separation from bed and board on the ground of cruelty. The bill also prayed for alimony and suit money, including counsel fees.

This case was heard below and here together with No. 4097, in which the defendant, the husband, brought his cross-bill, praying for the annulment of the marriage between the parties on the ground that the wife before marriage "did knowingly, purposely, willfully, and fraudulently pretend and represent unto the cross-petitioner that she * * * had not yet reached her menopause, and that she was capable of conceiving and of bearing children." The cross-bill was also dismissed.

In a memorandum opinion filed in No. 4098, October 27, 1922, the learned judge below so succinctly stated the order of the proceedings, the issues, the findings of fact, and his conclusions thereon that we quote liberally therefrom:

"From the evidence it appears that the parties were married on January 29, 1916.

The plaintiff was at that time a widow of about 46 years of age, with two children by her first marriage, then about 16 and 17 years of age, respectively. The defendant was a widower of 46 years of age, having been married twice before, and having a child by each of his previous marriages. On June 22, 1917, the plaintiff left the defendant because, as she alleges in her bill, of many acts of cruelty inflicted upon her by him, and on July 14, 1917, the parties entered into a written agreement of separation, whereby, inter alia, the defendant agreed to pay the plaintiff, for her separate maintenance and support, the sum of $45 per month.

"It is clear that it was the failure of the defendant to pay the stipulated amount to the plaintiff, and as well his default in the payment of interest on an incumbrance on the house that the parties had occupied as the home, with the consequent threat of foreclosure proceedings, that led to the filing of the original bill of complaint on July 26, 1918, and the defendant summoned on the next day to answer to it. No rule for alimony pendente lite was then sued out, but a rule looking to the restraining of the threatened foreclosure proceedings was. This matter was adjusted within a very few days, and a consent order, discharging the rule, was signed and filed on July 30, 1918.

"It was not until nearly seven months later, February 21, 1919, that the answer of the defendant to the original bill and his cross-bill were filed, the latter seeking an annulment of the marriage on the alleged ground of fraud of the plaintiff in falsely representing to the defendant, before their marriage, that she was capable of bearing children when in fact she had ceased to be so capable by the usual processes of nature. By a supplemental bill, filed March 31, 1919, it is alleged that, beginning with March 15, 1918, the defendant ceased to make the payments of $45 per month to the plaintiff. By an order dated May 12, 1919, alimony pendente lite of $45 per month was ordered paid. On June 18, 1919, an application to suspend the operation of this order was filed by the defendant, which was answered by the plaintiff on June 20, 1919, and on July 1, 1919, an order continuing a hearing on this application to July 8, 1919, was entered. No further action of any kind seems to have been taken in the case until July 15, 1922, more than three years after the order of July 1, 1919.

"The original plaintiff answered the defendant's cross-bill on April 25, 1919, and

on June 19, 1919, the defendant gave a notice to calendar the cause for trial at the next term of court. During a considerable portion of the long period that elapsed from the calendaring of the cause for trial on June 19, 1919, and the renewal of hostilities on July 15, 1922, by the filing of a petition by plaintiff for a rule of the defendant to show cause for his failure as alleged, to make but one payment of alimony under the order of May 12, 1919, it is in evidence that the parties were on friendly terms, were quite frequently in the company of one another, and each had made presents to the other. It does not appear, however, that they cohabited during this period. This is not the conduct of a husband and wife, who firmly believe that each had treated the other in a manner that justified the charges that had been made in the original bill and cross-bills, and this conduct is not without its influence in the weight to be given to the other evidence in the case, which includes the testimony of the children of the plaintiff in her behalf, and that of the young daughter of the defendant in his behalf.

"That the plaintiff misled the defendant as to her age at the time of the marriage is, in the opinion of the court, established by the evidence; but it is equally the opinion of the court that the defendant has otherwise failed to maintain the burden of the proof cast upon him by the allegations of the cross-bill. Of course the defendant could have no certain assurance that the plaintiff would bear him children. Every marriage is entered upon with that possibility facing husband and wife, and a failure of issue is a not infrequent cause of sorrow that a wedded pair have to endure, both longing for parenthood. And this knowledge has led to the general rule that mere barrenness is not a ground for the annulment of a marriage, though the prime object of marriage is thus defeated.

"The court is unable to find from the evidence that the original plaintiff, defendant in the cross-bill, perpetrated the fraud charged upon her by the cross-bill; a fraud that required a monthly deception to be practiced by the plaintiff upon the defendant during nearly 18 months that they lived together; a deception in which the daughter of the plaintiff, it is contended by the defendant, was to participate in a manner that the court refrains from particularizing. Nor does the evidence justify a finding of cruelty of the husband inflicted upon the wife. Fault-finding and nagging there may have been, but cruelty, to the degree at least re-

quired by the law, has not, in the court's opinion, been established by the evidence. For the foregoing reasons, among others, both the original and cross bills must be dismissed."

November 13, 1922, Mrs. Burroughs, upon leave theretofore obtained, filed an amendment to her original bill, praying that, in the event the court found she was not entitled to a limited divorce, she be decreed such sums as would be allowed to her as permanent alimony in case of divorce, for her maintenance, and also "a sum of money equal to the accrued installments of $45 per month which are unpaid up to the time of the decree under the separation agreement between plaintiff and defendant." Thereafter, and on February 7, 1923, the court filed an identical memorandum opinion in each case in which it said:

"The court has given a good deal of consideration to the form of final decree that should be entered in the above-entitled cause, and in this connection has given consideration to the memorandum briefs submitted by counsel for the respective parties, and has reached the conclusion that the court would not be justified in undertaking to enforce the provisions of the separation agreement which was offered in evidence. Enforcement of that agreement was not sought, notwithstanding the amendments to the plaintiff's prayers, which the court permitted her to make by its order of November 13, 1922. The court adheres to the view that it took of the case, and which it set forth in its memorandum opinion filed in this cause on October 27, 1922, which is that both the original bill and the cross-bill must be dismissed; the court finding that neither the original plaintiff nor the cross-plaintiff had made out, by the evidence, the case set out by each in the original and cross bills."

In due course a final decree was entered in each case, that the bill and cross-bill be dismissed, and that the defendant, Henry H. Burroughs, pay the wife the costs of suit, together "with a fee of $300 to counsel of record for the plaintiff for services in this cause." The court below had full opportunity to observe the demeanor of the witnesses and to judge of their veracity, and the general rule is that in such case an appellate tribunal will be slow to disturb the findings made on the evidence by the trial court, unless plainly unwarranted. McLarren v. McLarren, 45 App. D. C. 237, 1 A. L. R. 1412; Nehrbass v. Nehrbass, 45 App. D. C. 458; Butte & Superior Co. v. Clark-Montana Co., 249 U. S. 12, 39 S. Ct. 231,

63 L. Ed. 447. An examination of the record, however, unquestionably shows that there is ample evidence to support every finding of fact made below.

The cross-bill is based on section 1285 of the District Code, a provision of which is that an annulment decree may be declared as to "any marriage the consent to which of either party has been procured by force or fraud," and the learned counsel for Mr. Burroughs earnestly argues that the record here so overwhelmingly shows the wife to have been guilty of the misrepresentation and fraud alleged in the cross-bill that the decree as to him should be set aside and annulment granted. But the fact is that this was a sharply controverted issue below, respecting which there was conflicting evidence, unnecessary to recite here. The trial judge was unable to find therefrom that the claimed fraud had been established. Upon that issue the rule and authorities mentioned supra are peculiarly applicable, and his conclusion will not be disturbed here.

On the whole record we are unable to find error, and the decree below is affirmed, with costs.