## KISHI et al. v. HUMBLE OIL & REFINING CO. et al.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1925. Rehearing Denied January 19, 1926.)

No. 4673.

**I. Interest** ⬨⟹1—"Interest" defined.

Under Rev. St. Tex. 1925, art. 5069, "interest" is compensation allowed by law or fixed by parties for use or detention of money.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (on Money).]

**2. Interest** ⬨⟹13—Interest on oil royalties held recoverable on establishing right thereto.

Where money representing royalty interests in oil produced on land, title to which was in controversy, was kept by producing company under operating agreement, held, claimants, on establishing their rights thereto, were entitled to interest from date when payments should have been made.

**3. Interest** ⬨⟹11—A stakeholder, retaining money, is liable for interest.

A stakeholder, retaining money, is liable for interest.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Suit by K. Kishi and others against the Humble Oil & Refining Company and others. From a decree in an insufficient amount, plaintiffs appeal. Decree reversed, and cause remanded, with directions.

W. D. Gordon, of Beaumont, Tex., and W. O. Huggins, of Houston, Tex. (George E. Holland, of Orange, Tex., on the brief), for appellants.

G. P. Dougherty, D. Edward Greer, and David Proctor, all of Houston, Tex. (John E. Green, Jr., of Houston, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. On a former appeal this court held that appellants Kishi and Lang were entitled to recover 10⅔ acres of land and to an accounting for the oil produced thereon. 298 F. 218. Upon the going down of the mandate, further proceedings in the District Court resulted in a final decree awarding to Kishi and Lang title to the land in controversy, and awarding to them, as well as to the other appellants, Japhet and Coon, who hold royalty interests under a contract with the Gulf Production Company, one of the appellees, the amounts found to be due for oil produced and appropriated by appellees from January 1, 1921, to April 1, 1925. The decree allows interest only from April 23, 1925.

The only question presented by this appeal is whether interest should have been allowed upon the amounts received by appellees from time to time as oil was produced and sold. For convenience, appellants offer to accept interest from the date of each monthly statement made by the producing companies. At the time this suit was begun, Kishi and Lang had granted an oil and gas lease to the Gulf Production Company, and the Humble Oil & Refining Company was operating under a similar lease from Oscar Chesson, the rival claimant of the land; but within two weeks after the first well came in these parties entered into an operating agreement, whereby both companies were to proceed under their respective leases, and when the ownership of the land should be finally adjudicated an accounting should be had for oil produced in the meantime with the lessor who should be determined to be the owner of the land. Later the two companies agreed to divide in certain proportions the lessee's

profits derived from the production of oil. [1, 2] Interest is the compensation allowed by law or fixed by the parties for the use or detention of money. 15 R. C. L. 3; article 5069, Texas Revised Civil Statutes of 1925. Kishi and Lang clearly would have been entitled to interest as incident to the principal from the various times of taking oil from their land, if there had been no operating agreement. Kenton Ins. Co. v. First National Bank, 93 Ky. 129, 19 S. W. 185. They did not lose this right by the agreement, which merely provided for an accounting. Under that agreement the most that could be said for the operating companies is that they were stakeholders. They had the use of the money, because they kept it, and therefore ought to pay interest as an incident to the principal debt. If they had not wished to use the money, and thus be liable for interest, they could have deposited it in the registry of the court.

[3] A stakeholder who retains money is liable for interest. Templeman v. Fauntleroy, 3 Rand. (Va.) 434, 447; Crescent Mining Co. v. Wasatch Mining Co., 151 U. S. 317, 14 S. Ct. 348, 38 L. Ed. 177. For the same reasons Japhet and Coon, the other appellants, are entitled to interest from the Gulf Production Company.

The decree appealed from is reversed, and the cause remanded, with directions to allow interest at 6 per cent., the legal rate in Texas, on the amounts found to be due to appellants from the end of each month of the accounting period.