## BOTELER et al. v. PLUGGE et al.

(Court of Appeals of District of Columbia. Submitted December 9, 1926. Decided January 3, 1927.)

No. 4425.

1. Deeds �266⟷211(1)—Evidence held not to show grantor, at time of making conveyance, was mentally incapacitated.

Evidence *held* insufficient to show that grantor, at time of making conveyance, was mentally incapacitated and unable to understand transaction.

2. Appeal and error �266⟷1008(1)—Lower court's findings on evidence will not be disturbed, unless manifestly wrong.

Findings of lower court on the evidence will not be disturbed, unless they are manifestly wrong.

Appeal from the Supreme Court of the District of Columbia.

Suit by Florence L. Boteler and others against Herman C. Plugge and others. Decree dismissing the bill, and plaintiffs appeal. Affirmed.

W. G. Gardiner, of Washington, D. C., for appellants.

W. J. Lambert, R. H. Yeatman, C. S. Shreve, and M. T. Bigelow, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The appellants were plaintiffs below. They allege that they are the next of kin and devisees of Alfred G. Gross, deceased; that on April 30, 1914, decedent was the owner of an undivided one-half interest in a part of lots 66 and 67, Land Records of the District of Columbia, and on that day he executed and delivered two certain deeds of conveyance purporting to convey the same in fee to August H. Plugge and Frederick W. Plugge; that the decedent was then mentally incapable of executing such deeds, and was induced to sign them by the fraud and undue influence of the grantees and others. They pray the court to vacate and set aside the deeds and for an accounting. The issue was tried upon the evidence, and the court entered a decree dismissing plaintiffs' bill; whereupon this appeal was taken. The bill of exceptions contains all the testimony, and the chief contention of appellants is that the decree below is so far contrary to the evidence as to justify and require a reversal.

It appears that in the year 1907 Herman O. Plugge, F. A. Lutz, and Alfred G. Gross were copartners engaged in the harness and leather business in the District of Columbia, and that they purchased the real estate in question, receiving a conveyance therefor as tenants in common. They then entered into a written agreement with one another, reciting that the property was purchased for the uses of their partnership business, and stipulating that none of them should sell his interest without first offering the same in writing to the other partners at the actual price paid for such interest, including improvements; also that none of them should incumber his interest without the consent of the oth-

er partners. The cost of the property with improvements was about $75,000. The business was moved into the purchased premises, and soon afterwards a corporation was organized to take it over from the copartnership; Gross and Plugge each taking 90 shares of the corporate stock, Lutz taking 60 shares.

In the year 1911 Lutz retired from the business. He sold his shares of stock to Gross and Plugge, and pursuant to the written agreement he also sold his undivided one-third interest in the property to them as equal tenants in common for the sum of $25,000, which was considered by the parties to be approximately one-third of the cost of the property and improvements. In order to make this purchase, Gross and Plugge borrowed the sum of $25,000 by means of a trust deed upon the property. This incumbrance remained upon the property when Gross afterwards sold his interest in it.

In July, 1912, Gross sold and conveyed his undivided one-half interest in a rear fraction of the property to Frederick W. Plugge for a consideration of $1,500, and on April 30, 1914, he made and delivered the certain deeds now in question, conveying his undivided one-half interest in the remainder, subject to the incumbrance aforesaid, to August H. Plugge and Frederick W. Plugge, brothers of the partner, Herman C. Plugge, for a consideration of $23,153.65. Gross accordingly realized from these sales a sum approximately equal to one-half of the cost of the property less the trust incumbrance, and less also several hundred dollars reserved for adjustments in the transfer. The grantees as part of the consideration for the conveyance, executed and delivered their promissory note to Gross for the sum of $17,653.65, with interest. This note was placed by Gross in the custody of the bank where he kept his account. It remained there until the time of his death, which occurred eight years later, and during all of that time the semiannual interest upon the note was regularly collected by the bank and credited in Gross' account, upon which his checks were drawn for living expenses.

Payment of the note was tendered by the debtors, and was refused. Gross retained his shares of stock in the business corporation until the time of his death, less three shares sold by him in the meantime. He received dividends at various times and in various sums upon the stock, up to the time of his death. For many years he assisted daily in a limited way in the conduct of the business of the corporation, and received a small salary for his services. He had little or no income outside of the salary, the dividends, and the interest on the Plugge note. He was 74 years of age when the deeds in question were signed, and lived for 8 years afterwards. In the year 1914 he made a will, which was probated after his decease, and the executors named in it qualified and settled his estate. It is claimed, however, that this was done by agreement of the heirs, without conceding the mental competency of the testator at the date of the instrument.

[1, 2] The testimony in the record is very voluminous and conflicting, and we cannot discuss it in detail. The plaintiffs sought to prove that the consideration paid for the conveyances was grossly inadequate. We think they failed in this effort, although doubtless the property afterwards increased in value as did most real estate in the District. The plaintiffs also sought to prove that the grantor was mentally incapacitated at the time of the transaction, and proof was introduced tending to show instances of forgetfulness, confusion as to places, and other infirmities incident to old age, also fainting spells and occasions of physical weakness; but the proofs fall short of showing that the grantor was unable to understand the transaction in which he was engaged, when he signed the deeds. As to the principles governing such an inquiry, see the opinion of Mr. Justice Van Orsdel for this court in Gibson v. Collins, 55 App. D. C. 262, 4 F.(2d) 874. It may be added that there is no evidence in support of the claim of fraud or undue influence. Nor do we overlook the familiar rule that the findings of the lower court upon the evidence will not be disturbed, unless they are manifestly wrong.

A review of the record convinces us that no error has intervened to the prejudice of the appellants. We therefore affirm the decree of the lower court, with costs.