## NEW AMSTERDAM CASUALTY CO. v. W. T. TAYLOR CONST. CO.

Circuit Court of Appeals, Fifth Circuit.
November 5, 1927.

No. 5019.

Highways ⬅113(5)—Plaintiff contractor could recover from subcontractor's surety "interest" on amount used in completing contract over amounts plaintiff received in current payments.

Plaintiff contractor could recover, from surety on subcontractor's bond, "interest" on amount plaintiff was required to use in completion of contract over and above amounts received in current payments, since, if condition of bond had not been broken, plaintiff would have had use of money; "interest" being compensation allowed by law or fixed by parties for use or detention of money.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (on Money).]

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by the W. T. Taylor Construction Company against the New Amsterdam Casualty Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Borden Burr and Percy, Benners & Burr, all of Birmingham, Ala. (Lloyd Bowers, of

Birmingham, Ala., and W. T. Donaldson, of Baltimore, Md., on the brief), for plaintiff in error.

Jelks H. Cabaniss, of Birmingham, Ala. (Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. On a former writ of error it was decided that the defendant casualty company was liable to the plaintiff construction company on a bond in the sum of $40,000 to secure the faithful performance by one Mansberger of the main contract with plaintiff to do the base course work on a state highway in Alabama, but that defendant was not liable to plaintiff for the faithful performance by Mansberger of a supplemental contract with plaintiff to construct guard rails, cables, etc. The judgment there under review did not show separately the losses sustained under the two contracts, and it was reversed because there was included in it the amount of plaintiff's loss in completing the supplemental contract. 12 F.(2d) 972.

On this writ of error the judgment purports to cover only plaintiff's loss on the main contract, and therefore is in accordance with our previous decision. The argument is made now, as it was before, that there never was any liability on the bond, but we are still of the opinion that liability exists for any loss plaintiff sustained by reason of Mansberger's default on the main contract. The only new question presented is whether the verdict, on which judgment was entered, is excessive.

An auditor for defendant made a thorough examination of plaintiff's books, and testified that the maximum amount of liability shown thereby was the sum of $27,626.49. There were disputed items not shown, or imperfectly shown, on the books amounting to $2,236.90. The District Judge authorized the jury to allow interest on the amount plaintiff was required to use in the completion of the contract over and above the amounts it received in current payments. This item of interest at the legal rate amounted to $4,486.08. If the disputed items and this amount of interest be added to the maximum amount estimated by the auditor, the total would be greater than the verdict. But it is apparent that plaintiff recovered something on the disputed items, as the verdict is in excess by $660 of the aggregate of these amounts. It cannot therefore be said that the verdict is excessive,

unless plaintiff was not entitled to recover interest on its invested capital. Clearly, we think, interest should have been allowed. If the condition of the bond had not been broken, plaintiff would have had the use of its money. Interest is the compensation allowed by law, or fixed by the parties, for the use or detention of money. Kishi v. Humble Oil Co. (C. C. A.) 10 F.(2d) 356.

The judgment is affirmed.