**WILLIAMS v. FOSTER et al.**

**No. 5564.**

Court of Appeals of the District of Columbia.

Argued Nov. 4, 1932.

Decided Feb. 13, 1933.

Rehearing Denied March 15, 1933.

Edward Stafford, of Washington, D. C., for appellant.

Dwight E. Rorer and Robert M. Foster, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal by defendant below from a decree in equity adjudging him liable for portions of certain attorneys' fees collected by him from cases in which he and Robert M. Foster, both lawyers, had engaged by agreement between them.

As Dolores Foster is a party only by assignment of her husband's interest, we will refer to Mr. Foster as plaintiff and to Mr. Williams as defendant.

The defendant had been practicing law in the District of Columbia for some years, and, desiring a junior associate, took the plaintiff into employment or partnership for one year beginning April 4, 1922. The defendant suggested the arrangement to plaintiff, a member of the Virginia bar employed in the Solicitor's Office of the Internal Revenue Bureau.

Negotiations between the parties resulted in a contract evidenced by the following letter and acceptance:

"Ashby Williams,

"Attorney at Law, Southern Building,

"Washington, D. C., April 4, 1922.
"Mr. Robert M. Foster, Washington, D. C.

"Dear Mr. Foster: I am writing to confirm our oral agreement which I understand to be as follows:

"1. That you will devote your entire time to this office in the handling of any matters that may be secured.

"2. That any and all matters of business secured by or through either one of us from the date of the acceptance hereof by you will be handled through this office.

"3. That the method of securing business, and of handling the same, will be determined by mutual agreement, but in case of a disagreement I am to have controlling voice.

"4. That your compensation shall consist of forty (40) per cent. of the net fees received from any business secured after the date of the acceptance hereof by you.

"5. That the office expenses are to be borne by us equally, but provided that I am to pay the entire office expenses until May 1, 1922.

"6. That my time, except such as is necessary to prosecute matters I now have, will be devoted to the business to be secured and handled by us as set out above.

"7. That this agreement does not embrace any division of any fees in cases I now have, nor any salary I receive as secretary and treasurer of the Heston Land Company.

"8. That this agreement unless breached or otherwise terminated by mutual consent, shall continue for one (1) year from the date of acceptance hereof by you.

"Yours very truly,
"Ashby Williams.
"Accepted this 4th day of April, 1922.
"Robert M. Foster."

In February, 1923, the defendant indicated dissatisfaction with the relationship, and at the expiration of its term of one year it was not renewed.

The plaintiff soon vacated the offices, while the defendant remained there, retaining the office files, and doing most of the unfinished work on the cases theretofore obtained.

Collections on the joint cases being small, the defendant for awhile sent plaintiff 40 per cent. gross of such fees, but several years later substantial fees began coming in, mainly from some German reparation cases obtained and filed during the association of the parties.

The defendant then raised the point that their agreement required only a division of net fees, and that, since the separation, much the greater part of the work and all office expenses on account of the joint cases had been borne by him alone.

He accordingly withheld more than 60 per cent. gross in one case, followed by others, and, a further controversy arising, thereupon the parties signed the following supplemental agreement:

"Law Offices Ashby Williams,

"Rust Building, 15th & K Sts.,

"Washington, D. C., October 14, 1926.
"Mr. Robert M. Foster, Washington, D. C.

"Dear Mr. Foster: It is my understanding that, in consideration of services rendered and expenses incurred by me subsequent to our dissolution of partnership in the spring of 1923, and services hereafter to be rendered and expenses incurred, in connection with the handling of all of the partnership claims v. Germany, that we have this day mutually agreed that out of all fees collected in those cases up to an aggregate of $50,000 you are to receive thirty per centum thereof and I seventy per centum thereof; provided that when the total of such fees shall aggregate $50,000 you are to receive forty per centum and I sixty per centum out of any such fees collect-

ed thereafter in excess of such aggregate of $50,000.

"If this is correct please endorse this letter and oblige.

"Yours very truly,

"Ashby Williams."

"Dear Col. Williams: The foregoing statement is according to my understanding our agreement.

"R. M. Foster."

Thereafter, by mistake, the defendant paid to the plaintiff 35 per cent. of fees coming from the German claims, until he discovered the error, whereupon subsequent payments at 30 per cent. were made to the plaintiff, less deductions for the overpayment of 5 per cent.

This episode brought an insistence from the plaintiff that 35 per cent. of the German fees were actually agreed upon between the parties, regardless of the letter providing for 30 per cent., and that 40 per cent. was due him in a particular case because it was not a German claim, so that both parties appear to have been dissatisfied with their supplemental agreement of October 14, 1926, and with their respective claims and actions thereunder. Following this disagreement, the plaintiff filed this suit on the original contract of April 4, 1922, praying for discovery, accounting, receivership, injunction, and general relief.

After certain amendments to the pleadings, and interlocutory proceedings, the case was heard on its merits, and the contract of October 14, 1926, was received in evidence.

The court found the contract of April 4, 1922, valid and binding on both parties in so far as it was not superseded by that of October 14, 1926, which was in turn held valid to the extent of its provisions. The final decree, with care and detail, itemized the indebtedness of the defendant to the plaintiff, and gave judgment therefor.

The twenty-two assignments of error are directed at this decree, its component parts, and the rulings and conclusions of the trial court leading thereto.

Most of the assignments dispute the findings of fact by the chancellor who heard the parties and witnesses in open court at much length.

In none do we perceive error, and such findings of fact will not be disturbed unless manifestly wrong. Manning v. American Security & Trust Co., 50 App. D. C. 194, 269 F. 710; Howard v. Holmes, 52 App. D. C. 93, 281 F. 597; Burroughs v. Burroughs, 55 App. D. C. 271, 4 F.(2d) 938, and Id., 55 App. D. C. 269, 4 F.(2d) 936; Boteler v. Plugge, 57 App. D. C. 69, 17 F.(2d) 221.

We also agree to the validity of the contracts which were made upon valuable consideration, by persons sui juris, without fraud or undue influence.

If there was any injustice in the defendant's paying the expenses of a law office which he occupied alone, but which he used in part for joint work, this was cured by the contract of 1926 providing for the plaintiff's relinquishment of 10 per cent. of the German fees below $50,000.

We regard the allowance to the plaintiff of 40 per cent. gross in cases other than German claims to be in accordance with the agreement and practice of the parties, and the interest and amendments allowed are supported by the authorities. Neale v. Neale, 9 Wall. 8, 19 L. Ed. 590; Washington Ry. & Elec. Co. v. Scala, 244 U. S. 639, 37 S. Ct. 654, 61 L. Ed. 1360; Jackson et al. v. Ashton, 10 Pet. 480, 9 L. Ed. 502; Crescent Mining Co. v. Wasatch Mining Co., 151 U. S. 317, 14 S. Ct. 348, 38 L. Ed. 177; Spalding v. Mason, 161 U. S. 375, 16 S. Ct. 592, 40 L. Ed. 738; Consaul v. Cummings, 222 U. S. 263, 32 S. Ct. 83, 56 L. Ed. 192; Fetherstonhaugh v. Moore, 48 App. D. C. 42; Alameda Park Co. v. Lucas, 59 App. D. C. 175, 37 F. (2d) 805.

The decree is affirmed, with costs.

Affirmed.